KENNETH G. PARKER (SBN 182911)
  kenneth.parker@haynesboone.com
WILLIAM C. O'NEILL (SBN 251071)
  william.oneill@haynesboone.com
HAYNES AND BOONE, LLP
18100 Von Karman Ave., Suite 750
Irvine, California 92612
Telephone:  (949) 202-3014
Facsimile:   (949) 202-3114

THOMAS F.A. HETHERINGTON
  (Texas Bar No. 24007359)*
  thomas.hetherington@emhllp.com
DAVID T. McDOWELL
  (Texas Bar No. 00791222)*
  david.mcdowell@emhllp.com
JARRETT E. GANER
  (Texas Bar No. 24055520)*
  jarrett.ganer@emhllp.com
KENDALL J. BURR
  (Texas Bar No. 24067533)*
  kendall.burr@emhllp.com
SHANNON A. LANG (SBN 257470)
  shannon.lang@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:  (713) 337-5580
Facsimile:   (713) 337-8850
* admitted *pro hac vice*

Attorneys for Defendants
PHL VARIABLE INSURANCE COMPANY,
PHOENIX LIFE INSURANCE COMPANY, and
THE PHOENIX COMPANIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Wilmington Savings Fund Society, FSB**, as successor in interest to **Christiana Bank & Trust Company**, as trustee for **JOHN DOE TRUST 1**, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>**PHL Variable Insurance Company**, *et al*.,<br><br>Defendants. | Case No. CV12-04926-SWV-AJWx<br><br>Assigned to:  Hon. Stephen V. Wilson<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Date:          December 3, 2012<br>Time:         1:30 PM<br>Courtroom: 6 |

**RESPONSE TO OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE**

Plaintiff's "Evidentiary Objections" ("Obj.") to the Declaration of Shannon A. Lang, submitted in support of Defendants' Motion to Transfer Venue, constitute an improper surreply that misstates law and fact. Having failed to rebut the ample arguments and well-settled law demonstrating that venue in this District is improper, Plaintiffs now ask the Court to avert its eyes from the glaringly obvious. Plaintiffs' "objections" should be overruled.

## I. ARGUMENT

### A. The presence of key party and non-party witnesses located in and around Delaware is fully and fairly established.

Despite alleging in its original and First Amended Complaints that Plaintiff Trustee WSFS is a resident of Delaware and that Defendants PHL, PLIC, and PHX are residents of Connecticut, New York, and Delaware, respectively, and alleging and arguing in its Opposition to Defendants' Motion to Transfer Venue that key witnesses in this case will include insureds, insurance agents, and original trust beneficiaries, Plaintiffs contend that there is insufficient evidence that relevant witnesses in this action will be located in and around Delaware. Obj. at 1, 4; *see* First Am. Compl. ("FAC") (Dkt. # 50) ¶¶ 23–26, 29; Compl. (Dkt. # 1) ¶¶ 23–26, 29; Civil Cover Sheet, ¶ IX(a); Opp'n at 4–5, 24. In particular, Plaintiffs suggest that this Court should ignore the inescapable conclusion that relevant witnesses are on the East Coast because Declarant Ms. Lang could not specifically divine which WSFS employees Plaintiffs may determine will be witnesses in this case, has not anticipated which of Defendants' many employees will ultimately be appropriate witnesses in defense of any claims that survive Defendants' pending Motion to Dismiss, and by apparently overlooking a spreadsheet submitted with Defendants' Memorandum in Support of its Motion to Transfer Venue ("Memo.") listing a variety of potential non-party witnesses. Plaintiffs' objections are easily rebutted.

### 1. *Party Witnesses*

Plaintiffs attempt to discount the obvious significance that their Trustee and

1
**RESPONSE TO OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE**

employees of the parties they sued will be witnesses in this case by misstating law and fact. Plaintiffs claim that the location of party witnesses is of no consequence to a transfer of venue analysis despite ample case law to the contrary. Obj. at 2–3; *see, e.g.*, *Gresser v. Wells Fargo Bank*, No. C-11-6175-EDL, 2012 WL 1094338, at *6 (N.D. Cal. March 29, 2012) ("[W]hen determining the convenience of corporate witnesses, a court should look at the convenience of the corporate officers responsible for the litigation.") (citing *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007)); *Global Décor, Inc. v. Cincinnati Ins. Co.*, No. 11-CV-2602-JST, 2011 WL 2437236, at *4 (C.D. Cal. June 16, 2011) ("[L]itigation costs are reduced when venue is located near most of the witnesses expected to testify of give depositions."); *Italian Colors Restaurant v. Am. Express Co.*, No. C-03-3719-SI, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003) ("Since the claims arise solely out of [the New York-based] defendants' business practices, the parties would expect that most of the witnesses will be the defendants' [New York-resident] employees. Accordingly, this factor [difference in the cost of litigation] weighs heavily in favor of transfer."); *see also Yesford v. City of McFarland*, No. CV-11-10115-CAS, 2012 WL 762554, at **2–3 (C.D. Cal. March 8, 2012) (convenience of the parties, determined by their residence, a relevant factor in the transfer analysis). They further object that Ms. Lang lacked sufficient personal knowledge to identify employees of these East Coast-based parties as witnesses in this case.

First, this case is its early stages. There has been no exchange of discovery or disclosure by Plaintiffs of WSFS's employees, making it impossible for Defendants to specifically identify which of WSFS's employees will necessarily be witnesses in this case. However, Plaintiffs bear the burden of proof on their claims, and there can be no doubt that, should any claims survive Defendants' pending Motion to Dismiss (Dkt. # 53), employees of WSFS and officers and employees of Defendants, including those <u>specifically identified by Plaintiffs in their Complaint</u> as bad actors in support of Plaintiffs' claims will or may be necessary witnesses. *See* FAC ¶¶ 46

2

RESPONSE TO OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE

(alleging actions by PNX's CEO and "Defendants' upper management"), 48 (alleging statements by "[t]he head of Defendants' life insurance sales"), 54–55 (alleging conduct by "PHL's underwriters"), 65 (alleging statements by "John Hillman, the President and CEO of Phoenix Life Solutions"), 93 (alleging improper "payouts" to "James Wehr, PNX's President and CEO," "Peter Hoffman, PNX's Senior Executive Vice President and Chief Financial Officer," "Philip Pokinghorn [sic], PNX's Senior Executive Vice President of Business Development," "Edward Cassidy, PNX's Executive Vice President of Distribution," and "Christopher Wilkos, PNX's Executive Vice President and Chief Investment Officer") & 182–185 (alleging that several specified PHL and PNX executives—"James D. Wehr," "Peter A. Hoffmann," and "Michael E. Hanrhan"—"operated, managed, conducted and participated in the conduct of the affairs" of an alleged RICO enterprise "through common officers and directors, including "Edward W. Cassidy," Christopher M. Wilkos," "Philip K. Polkinghorn," "Sanford Cloud, Jr.," "Gordon J. Davis, Esq.," "Augustus K. Oliver, II," "Martin N. Bailey," "John H. Forsgren," and "Thomas S. Johnson"). Similarly, there can be no doubt that Defendants' employees will be necessary witnesses in defense of any surviving claims.

Second, Plaintiffs' objection that Ms. Lang lacked foundation for her Declaration because she stated that potentially relevant testimony may include testimony regarding the "transfer of ownership of the policies at issue," Obj. at 1, fails in the face of Plaintiffs' own allegations, which rest on claims of wrongdoing by Defendants regarding transfers of ownership interests <u>and</u> allegations that ownership interests in the policies held by the Plaintiff trusts have been transferred. FAC ¶¶ 3, 5, 21, 81, 95(iii), 97, 99–102, 159–165. If, as Plaintiffs now suggest, such transfers are irrelevant because none have occurred, Obj. at 1, any claims resting on allegations by Plaintiffs of wrongdoing associated with ownership transfers should be dismissed.

Third, Plaintiffs' contention that <u>it</u> is not inconvenienced by litigating in

3
**RESPONSE TO OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE**

California misses the point. Obj. at 2. As courts in this district have noted, where a plaintiff chooses to commence litigation outside of its and the defendant's home district, the question is whether the plaintiff will be more inconvenienced by litigation in the proposed transferee district than the defendant will be by litigation in the plaintiff's chosen forum. *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1009, 1132 (C.D. Cal. 2009). Especially given that Plaintiffs are residents of Delaware, there can be little dispute that Plaintiffs will not be inconvenienced by litigating this case in Delaware. Conversely, the burdens on Defendants to travel across the country to litigate this case are clearly greater than the burdens of litigating at or very close to home.

Finally, Plaintiffs' claim that Ms. Lang's declaration is improper because it was offered for the first time on reply <u>might</u> have some traction <u>if</u> it was, in fact, the case that the facts at issue therein were not presented in Defendants' Memorandum in Support of its Motion to Transfer Venue and <u>if</u> the facts were not offered specifically in response to claims made by Plaintiffs in their Opposition to Defendants' Motion. Obj. at 3–4. In their Memorandum in Support of their Motion, Defendants pointed out that "[v]irtually all known witnesses who have current connections to the insurance policies at issue"—namely, employees of the Plaintiff policyholders and Defendant insurers—"are located in or near Delaware," including "all [of Defendants'] officers and employees." Memo. (Dkt. # 28-1) at 22. In their Opposition, Plaintiffs expressly acknowledged this but continued to insist that various potential non-party witnesses (whose relevance to the facts at issue remains unclear) reside in California. Opp'n at 23–24. Nothing in Defendants' reply, or the Declaration provided in support, offers anything "new" or unexpected.

In any event, Plaintiffs admit that any "new evidence" offered in reply may be properly considered by a court provided the opponent is given an opportunity for rebuttal. Obj. at 4. Plaintiffs, by way of their Objection, have taken advantage of such an opportunity, rendering moot this objection to Ms. Lang's Declaration. And,

4
RESPONSE TO OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE

of course, Plaintiffs' myopic focus aside, this single factor in the transfer analysis is not dispositive, especially where, as here, the many factors in the transfer analysis strongly favor adjudication of this dispute in Delaware.

### 2. *Non-Party Witnesses*

Plaintiffs' objections to Ms. Lang's Declaration regarding the identity of non-party witnesses are even more attenuated. Obj. at 5–6. Plaintiffs allege in their Complaint and argue at length in their Opposition that the presence of various non-parties in or near the Central District of California renders venue in this District appropriate. *See* FAC ¶¶ 29, 68–75; Compl. ¶¶ 29, 67–74; Opp'n at 5, 24. In particular, Plaintiffs claim that venue is proper in this District because, *inter alia*, Defendant PHL "issued many of the Policies: (i) to trusts formed in California within this judicial district; (ii) on the lives of California citizens who reside within this judicial district; and/or (iii) through licensed and appointed California agents of PHL and [PLIC] doing business in within this judicial district." FAC ¶ 29. Although apparently distancing themselves from this position now, Obj. at 5, Plaintiffs insisted in opposition to Defendants' Motion that insureds, initial beneficiaries, and insurance agents will somehow be relevant witnesses in this case. *See* Opp'n at 24.

In support of Defendants' Memorandum in Support of their Motion to Transfer Venue, Defendants offered a spreadsheet detailing various factors regarding the policies at issue, based on the factors that Plaintiffs alleged as being relevant to establishing venue in this District, including the residence of the insured and the residence of the insurance agent who procured each policy. *See* Exh. B to Memo. (Dkt. # 28-3). That spreadsheet was accompanied by the Declarations of Steven Correa, who described how this data was identified and compiled, and Scott Grandmont, the Assistant Vice President for Underwriting for PLIC, who confirmed the accuracy of other information contained in the spreadsheet. *Id.* The data indicated that the 60 policies held by the Plaintiff trusts were (i) issued in 9 states,

5

**RESPONSE TO OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE**

(ii) with the help of insurance agents located in 11 different judicial districts, (iii) insuring individuals residing in 17 different judicial districts, (iv) to trusts formed in 9 different states representing 11 different judicial districts, (v) with original trustees located throughout the country. *Id.* Consistent with Plaintiffs' practice in this case, the identity of the insureds was not disclosed, but the identities of the original trustees and insurance agents are listed. *Id.* Ms. Lang's Declaration, wherein she stated that "insureds, original trust beneficiaries, and the agents who placed the policies at issue are located throughout the country," offered nothing new, and certainly nothing lacking in foundation.[1]

Further, it is not the case, as Plaintiffs contend, that the only relevant consideration is whether witnesses are located in the transferee district. Obj. at 6. Instead, the court is directed to consider the relative convenience to witnesses potentially required to travel to provide testimony. *See, e.g.*, *Nyulassy v. Lockheed Martin Corp.*, No. 5:12-CV-1182-EJD, 2012 WL 2906572, at *3 (N.D. Cal. July 16, 2012) (transfer warranted, in part, because potential witnesses were located "in . . . or near" the transferee state); *Gresser*, 2012 WL 1094338, at *7 (transfer to Maryland warranted because, *inter alia*, "the overwhelming majority of witnesses are located on the East Coast"); *Hawkes v. Hewlett-Packard Co.*, No. CV-10-5957-EJD, 2012 WL 506569, at *5 (N.D. Cal. Feb. 15, 2012) (transfer to Virginia warranted because "[t]he majority of identified witnesses are East Coast residents" who "reside nearer Virginia than California"). Defendants have identified dozens of potential witnesses, including insureds, original trustees, and insurance agents, residing along the eastern seaboard. Travel from these states to Delaware is plainly easier, cheaper, and more convenient that cross-country travel to California.

---

[1] Notably, Plaintiffs have been quick to acknowledge and rely on the names and data provided in the spreadsheet when it has suited their interests. *See* Opp'n at 20 ("As . . . conceded in Defendants' own table (Exhibit B1), many of the Policies were issued in this District, insure the lives of residents of this District, and were solicited by agents in this District.").

6
**RESPONSE TO OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE**

Accordingly, Plaintiffs' objection should be overruled.

**B.  Defendants properly established the identity of the actual policy beneficiary in reply to arguments raised for the first time in Plaintiffs' Opposition.**

Plaintiffs' objection to Defendants' evidence establishing the residence of the actual beneficiary of the policies at issue evidences Plaintiffs confusion about what constitutes "new evidence" and demonstrates the extent of Plaintiffs' misunderstanding of the relevant facts at issue in the transfer analysis.  Obj. at 7.

Plaintiffs' original Complaint carefully, and curiously, failed to identify the trust beneficiary(ies)—the actual party or parties with a monetary interest in the outcome of this litigation.  Apparently in response to Defendants' acknowledgment of such in its Memorandum in Support of its Motion to Transfer Venue, Memo. at 1, 17, Plaintiffs continued to skirt the issue by arguing that a California-based entity identified for the first time in its Opposition—CalPERS—is somehow relevant to the venue inquiry.  Opp'n at 1, 5, 21, 24; *see also* FAC ¶ 83 (filed on the same day as Plaintiffs' Opposition to Defendants' Motion to Transfer).

As is ordinary and expected, Defendants offered a reply to this argument, pointing out the irrelevance of a third party investor to the claims in this case and by disclosing what Plaintiffs refused to:  namely, the identity of the party behind this litigation, Massachusetts-based investor, Ocean Gate Life Settlement Program LP ("Ocean Gate").  Defs.' Reply to Pls.' Opp'n to Mot. to Transfer (Dkt. # 49), at 1, 11–12.  Plaintiffs do not dispute that Ocean Gate is the beneficiary of the Plaintiff trusts (and, hence, the beneficiary of the policy proceeds) or that Ocean Gate is based in Massachusetts—thousands of miles closer to Delaware than to California.  Instead, Plaintiffs attempt misdirection, arguing that this fact was untimely raised and irrelevant.  But, of course, the relevance is obvious given Plaintiffs' insistence the policy beneficiaries are relevant witnesses to this action and its allegations regarding wrongdoing by Defendants in connection with transfers of beneficial

7
RESPONSE TO OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE

interests in policies. *See, e.g.*, FAC ¶¶ 3, 5, 35, 41, 68–69, 78, 81, 83, 97, 99–102, 159–167; Opp'n at 1, 24.

What remains baffling is how a third party investor (indeed, <u>all</u> the third party investors) in the fund that purchased and owns the beneficial interests in the policies—an investor with <u>no</u> legal or actual relationship with Defendants—has any conceivable relevance to this lawsuit. Nonetheless, Plaintiffs' objection to Defendants' submission of evidence of Ocean Gate is baseless and should be overruled.[2]

## II. CONCLUSION

Plaintiffs' Objections are baseless and improper and should be overruled. In any event, by filing their Objections, Plaintiffs have had an opportunity to "rebut" the evidence to which they object, rendering their complaints moot. Even with the benefit of a surreply dressed up as objections, Plaintiffs have failed to demonstrate that venue is proper in this District or that transfer is unwarranted. Plaintiffs Objections should be overruled and this case transferred to the U.S. District Court for the District of Delaware.

Dated: October 31, 2012              HAYNES AND BOONE, LLP

                                     By: /s/ William C. O'Neill
                                         William C. O'Neill
                                         Attorneys for Defendants
                                         PHL VARIABLE INSURANCE CO.,
                                         PHOENIX LIFE INSURANCE CO., and
                                         THE PHOENIX COMPANIES, INC.

---

[2] Plaintiffs finally object to Defendants' submission of an Order denying a motion to transfer venue to this District, filed by one of the Delaware Defendants (identified as John Doe Trust 20 in this action), on the grounds that Defendants should also have submitted the hearing transcript. Obj. at 7–8. Plaintiffs have offered the transcript. *Id.* Defendants take no position on this submission.

8
**RESPONSE TO OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE**

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California, within which county the subject service occurred. My business address is 18100 Von Karman Avenue, Suite 750, Irvine, California 92612.

On *October 31, 2012,* I served the foregoing document described as ***DEFENDANTS' RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE*** on the interested parties in this action, addressed as follows:

| | |
|---|---|
| Nancy Sher Cohen, Esq. | John Failla, Esq. |
| ncohen@proskauer.com | jfailla@proskauer.com |
| Lary Alan Rappaport, Esq. | Elise Yablonski, Esq. |
| lrappaport@proskauer.com | eyablonksi@proskauer.com |
| Joshua J. Pollack | Nathan Lander |
| jpollack@proskauer.com | nlander@proskauer.com |
| PROSKAUER ROSE, LLP | PROSKAUER ROSE, LLP |
| 2049 Century Park East | Eleven Times Square |
| Suite 3200 | New York, New York 10036 |
| Los Angeles, CA 90067-3206 | Telephone: (212) 969-3000 |
| Telephone: (310) 284.5655 | Facsimile: (212) 969-2900 |
| Facsimile: (310) 557.2193 | |

in the manner identified below:

**[XXX]**   **BY ELECTRONIC FILING.** I caused such document(s) to be electronically filed and served through the United States District Court's CM/ECF System for the within action. This service complies with the Federal Rules of Civil Procedure. The file transmission was reported as complete and a copy of the Court's Notice of Electronic Filing will be maintained with the original document(s) in our office.

I declare that I am employed in the offices of a member of the bar of this Court at whose direction this service was made. Executed on ***October 31, 2012,*** at Irvine, California.

*/s/ Kelley L. Saunders*