KENNETH G. PARKER (SBN 182911)
  kenneth.parker@haynesboone.com
WILLIAM C. O'NEILL (SBN 251071)
  william.oneill@haynesboone.com
HAYNES AND BOONE, LLP
18100 Von Karman Ave., Suite 750
Irvine, California 92612
Telephone:   (949) 202-3014
Facsimile:   (949) 202-3114

THOMAS F.A. HETHERINGTON
  (Texas Bar No. 24007359)*
  thomas.hetherington@emhllp.com
DAVID T. McDOWELL
  (Texas Bar No. 00791222)*
  david.mcdowell@emhllp.com
JARRETT E. GANER
  (Texas Bar No. 24055520)*
  jarrett.ganer@emhllp.com
KENDALL J. BURR
  (Texas Bar No. 24067533)*
  kendall.burr@emhllp.com
SHANNON A. LANG (SBN 257470)
  shannon.lang@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:   (713) 337-5580
Facsimile:   (713) 337-8850
* admitted *pro hac vice*

Attorneys for Defendants
PHL VARIABLE INSURANCE COMPANY,
PHOENIX LIFE INSURANCE COMPANY, and
THE PHOENIX COMPANIES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Wilmington Savings Fund Society, FSB**, as successor in interest to **Christiana Bank & Trust Company**, as trustee for **JOHN DOE TRUST 1**, *et al*.,<br><br>                    Plaintiffs,<br><br>v.<br><br>**PHL Variable Insurance Company**, *et al*.,<br><br>                    Defendants. | Case No. CV12-04926-SWV-AJWx<br><br>Assigned to:  Hon. Stephen V. Wilson<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS EVIDENTIARY OBJECTIONS TO DECLARATION IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Date:          December 3, 2012<br>Time:          1:30 PM<br>Courtroom:  6 |

Plaintiff's "Reply" confirms that Plaintiff's complaints are much ado about nothing and yet another attempt to unnecessarily and impermissibly prolong briefing on Phoenix's Motion to Transfer Venue. This tactic is made all the more apparent by the fact that Plaintiff filed ten more pages of new argument on the eve of the hearing on PHL's Motion—nearly a <u>full month</u> after Phoenix served its Response to Plaintiff's "Objections." The Court should reject this late-filed brief. But even if this Court sustains Plaintiff's "Objections" (though it should not), Plaintiff has failed to rebut the ample facts and well-settled law demonstrating that this action should be transferred to the District of Delaware.

## I. The presence of party and non-party witnesses located in and around Delaware is relevant and properly established.

The first-to-file doctrine mandates transfer to Delaware of the claims asserted by three of the Defendant trusts; thirty-one of the Defendant trusts have <u>no</u> connection to California whatsoever and the private and public transfer factors plainly warrant transfer of the claims of the remaining Defendant trusts. Despite this, Plaintiff maintains a myopic focus on a single factor in the transfer analysis (the residence of some potential witnesses) suggesting—wrongly—that it is dispositive of the question before the Court. Nothing in the law requires the narrow, searching inquiry in which Plaintiff engages.

### A. *Plaintiff's relevance objection is unsupported by law.*

Plaintiff objects to evidence regarding the residence of party and non-party witnesses as irrelevant. Plaintiff is incorrect. The burden on potential witnesses is key to the venue analysis and reflected in their proximity to the transferee district.

"For the convenience of the <u>parties and witnesses</u>, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a) (emphasis added). In conducting its analysis, the Court is directed to consider several, non-exclusive factors bearing broadly on the parties' connection to the venue. *See Jones v. GNC*

1

*Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000); *Lung v. Yachts Int'l, Ltd.*, 980 F. Supp. 1362, 1370 (D. Haw. 1997).  No one factor is dispositive, though an "important consideration" is the "pendency of a related case in the transferee forum," as the purpose of transfer is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Bunting v. Carter-Bunting*, No. 11CV414, 2012 WL 460458, at *8 (S.D. Cal. Feb. 13, 2012); *N.e. Props., LLC v. Chicago Title Co.*, No. 11CV1194, 2012 WL 2522554, at *3 (E.D. Cal. June 28, 2012).  Thus, as Plaintiff concedes the inquiry focuses on the parties and their employees <u>as well as</u> non-party witnesses to determine where, on balance, litigation is more convenient and just.

Against the glaringly obvious fact that key witnesses are located throughout the United States and would be less inconvenienced by litigation close to home, Plaintiff strives desperately to convince the Court that the law does not mean what it says.  In fact—as plainly stated in Section 1404 and confirmed by the decisions cited by Plaintiff in its "Objection" and "Reply"—convenience of the parties <u>is</u> a relevant factor in the transfer analysis.  Thus, even if WSFS chooses to bear the expense of litigating 2700 miles from home, it cannot simply impose that burden on others especially where, as here, neither party is a resident of California.  It is no answer that Phoenix is "large" and is already litigating other cases in California.  There can be no question that it takes more time, costs more money, and is less convenient to send Phoenix <u>employees</u> to California than to send them to Delaware.  Plaintiff cannot plausibly argue otherwise.

Similarly, it is beyond dispute that numerous non-party witnesses are located in or near Delaware and would be less inconvenienced by travel to Delaware than travel to California.  Contrary to Plaintiff's insistence, it is not the case that the only relevant consideration is whether potential witnesses reside <u>in</u> the District of Delaware. Although offering no factual or legal support for this position, Plaintiff apparently assumes that all potential witnesses in this case will be unwilling.  Such

an assumption is unwarranted and the Court is to consider the convenience of willing <u>and</u> unwilling witnesses.  *See, e.g.*, *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009).  Thus, it is no surprise that courts consider the relative location of <u>all</u> potential witnesses in evaluating a motion to transfer.[1]  *See, e.g.*, *Cormier v. Blue Marlin Support Servs, LLC*, No. 11-3170, 2012 WL 3027099, at *3 (E.D. La. July 24, 2012) (transferee district more convenient because it was "closer" for a number of potential witnesses); *Darden v. TransUnion, LLC*, No. 11-6310, 2012 WL 107127, at *3 (E.D. Pa. March 30, 2012); *Vogel v. E.D. Bullard Co.*, No. 11-2563, 2012 WL 38825, at *3 (D. Minn. Jan. 9, 2012).  Plaintiff's relevance Objection is unavailing and should be overruled.

**B.  *The Lang Declaration properly responds to Plaintiff's opposition to the Motion to Transfer and was fully and fairly rebutted by Plaintiff.***

Plaintiff continues to misrepresent the arguments and counterarguments made by the parties in connection with Phoenix's Motion to Transfer.  As Plaintiff notes, in deciding a motion to transfer (assuming proper venue in the first place, which is lacking here, and outside of the first-to-file context, which provides a rule of decision here), the Court is to analyze the case as a whole and determine where litigation would be most convenient.  *See* Reply, at 4 (quoting *Flint v. UGS Corp.*, No. C07-4640 MJJ, 2007 WL 4365481, at *4 (N.D. Cal. Dec. 12, 2007).  In response to allegations in Plaintiff's Complaint involving alleged wrongdoing by

---

[1] Federal courts have found the arguments raised by Plaintiff wanting.  For example, as the Federal Circuit cogently observed "[a]dditional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment."  *Id.*  Thus, the Fifth Circuit adopted the "100-mile" guideline, which holds that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008)).

**RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF ITS EVIDENTIARY OBJECTIONS**

current and former Phoenix employees, Phoenix pointed out in its Motion to Transfer that these potential witnesses are all located in or near Delaware, including "all [of Phoenix's] officers and employees." Memo., at 22. After Plaintiff insisted in response that brokers and original insureds might be potential witnesses (an open question, to be sure), Phoenix offered a proper and appropriate response, relying on evidence submitted with its Motion to point out that brokers and original insureds are not concentrated in the Central District of California, but are instead scattered throughout the country.

Further, although Plaintiff insists that Phoenix's motion can only be granted if it submits sworn testimony regarding the exact identity of witnesses and their exact testimony, there is no support for such a steadfast rule especially where, as here, there are numerous other grounds for transfer and where Plaintiff's claims are amorphous, shifting, and very likely non-cognizable. *See* Phoenix's Motion to Dismiss (Dkt. # 53). The pleadings are open and currently the subject of a motion to dismiss and the parties have not exchanged initial disclosures.

Regardless, Plaintiff has had ample opportunity to rebut the Lang Declaration and has taken full advantage of that opportunity, submitting 18 pages of briefing that constitute "evidentiary objections" in name only. Plaintiff's Objections and Reply are pure legal argument directed specifically toward the positions taken by Phoenix in its Motion to Transfer. Plaintiff's claim to the contrary is plainly fallacious. Plaintiff's Objection is baseless and should be overruled.

## C.   *The Lang Declaration is based on well-stated, sufficient personal knowledge.*

Finally, Plaintiff's argument that the Lang Declaration lacks a sufficient foundation is plainly unavailing. Ms. Lang stated the basis for her knowledge about the identity of potential witnesses—namely, that she is an attorney of record for Defendants and has "personal knowledge of the facts set forth" in her declaration. Lang Decl. ¶ 1. As stated in her declaration, her "personal knowledge" includes the

RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF ITS EVIDENTIARY OBJECTIONS

1    unremarkable fact that the parties will likely be witnesses in this case, and

2    knowledge of facts regarding Phoenix's investigation in connection with this matter

3    that resulted in the spreadsheet identifying potential non-party witnesses that was

4    submitted in support of Phoenix's motion.  Lang Decl. ¶¶ 2–4.  On the basis of her

5    stated knowledge, Ms. Lang identified potential topics of testimony, including

6    "transfer of ownership of the policies at issue, premium payments, claims under the

7    policies, and the content of policy correspondence."  Plaintiff's objection that Ms.

8    Lang lacked personal knowledge because "transfers of ownership" do not, according

9    to Plaintiff, contemplate transfers of ownership and/or beneficial interests, splits

10    hairs and is unconvincing.  The Objection should be overruled.

11 **II.**    **The identity of the actual party-in-interest in this case is properly before**

12       **the Court.**

13      The desperation of Plaintiff's position is most starkly evidenced by its

14    attempts to shield the Court from knowledge of the identity of the actual party-in-

15    interest in these cases.  Far from being improper, the evidence was submitted in

16    direct response to a never-before-raised allegation made by Plaintiff following

17    submission of Phoenix's Motion to Transfer—namely, that transfer is unwarranted

18    because CalPERS might have made an imprudent investment decision.  Far from

19    being irrelevant, Ocean Gate, as the purchaser and owner of the beneficial interests

20    in the policies, is the <u>actual party in interest</u> in these cases.  The death benefits

21    Plaintiff so rabidly seeks will, if legally due and owing, be paid to the Defendant

22    trusts in the name of their trustee, and flow to the trust beneficiary, Ocean Gate—the

23    Massachusetts-based entity directing this litigation.

24               **II.**     **CONCLUSION**

25      Plaintiffs "Objections" are based on a misunderstanding of law and fact and

26    constitute nothing more than another failed attempt to rebut the ample arguments

27    and support in favor of Phoenix's Motion to Transfer this case to the District of

28    Delaware.  The "Objections" should be overruled.

**RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF ITS EVIDENTIARY OBJECTIONS**

1

2    Dated: November 30, 2012          By:   /s/ *Shannon A. Lang*

3                                             HAYNES AND BOONE, LLP
                                             Kenneth G. Parker
4                                             William C. O'Neill

5                                             EDISON, MCDOWELL & HETHERINGTON LLP
                                             Thomas F.A. Hetherington
6                                             David T. McDowell
                                             Jarrett E. Ganer
7                                             Kendall J. Burr
                                             Shannon A. Lang
8
                                             Attorneys for Defendants
9                                             PHL VARIABLE INSURANCE CO.,
                                             PHOENIX LIFE INSURANCE CO., and
10                                            THE PHOENIX COMPANIES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28